**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FAISAL BIN ALI JABER | * | |
| 2530 Van Horne, Apartment #1 | * | |
| Montreal, QC H3S 1P1 | * | |
| Canada, | * | |
| | * | |
| and | * | |
| | * | |
| EDWARD PILKINGTON | * | |
| 105 Sterling Place | * | |
| Brooklyn, NW  11217, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| DEPARTMENT OF DEFENSE | * | Civil Action No. 1:16-cv-00742 |
| 1400 Defense Pentagon | * | |
| Washington, DC  20301, | * | |
| | * | |
| and | * | |
| | * | |
| DEPARTMENT OF JUSTICE | * | **COMPLAINT** |
| 950 Pennsylvania Avenue, NW | * | |
| Washington, DC  20530, | * | |
| | * | |
| and | * | |
| | * | |
| DEPARTMENT OF STATE | * | |
| 2201 C Street, NW | * | |
| Washington, DC  20520, | * | |
| | * | |
| and | * | |
| | * | |
| DEPARTMENT OF THE TREASURY | * | |
| 1500 Pennsylvania Avenue, NW | * | |
| Washington, DC  20220, | * | |
| | * | |
| Defendants. | * | |
| | * | |

*     *     *     *     *     *     *     *     *     *     *     *     *

Plaintiffs Faisal bin Ali Jaber and Edward Pilkington bring this action against Defendants Department of Defense, Department of Justice, Department of State, and Department of the Treasury pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Privacy Act, 5 U.S.C. § 552a, *et seq.* (collectively "FOIA/PA"), the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1) and 28 U.S.C. § 1331.

## VENUE

2.      Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5), 703 and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Faisal bin Ali Jaber ("bin Ali Jaber") is a citizen of Yemen and is a resident of Quebec, Canada.

4.      Plaintiff Edward Pilkington ("Pilkington") is a citizen of the United Kingdom and is a lawful permanent resident of the state of New York.  Pilkington is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

5.      Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

6.     The United States Air Force ("USAF") and Office of the Secretary of Defense and Joint Staff ("OSD/JS") are DOD components.

7.     Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

8.     The Federal Bureau of Investigation ("FBI") and Office of Information Policy ("OIP") are DOJ components.

9.     Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

10.     Defendant Department of the Treasury ("Treasury") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

## BACKGROUND

11.     On 29 August 2012, one or more unmanned aerial vehicles attacked targets located in or near the village of Khashamir in the governorate of Hadramout, Yemen.

12.     This attack killed five individuals: two civilians speaking out against al'Qaeda (Salem bin Ali Jaber, Waleed bin Ali Jaber) and three unknown men who were allegedly members of al'Qaeda.

13.     The bin Ali Jaber family, most prominently Faisal bin Ali Jaber, has been actively seeking answers regarding the strike ever since.  This has resulted in visits to the United States to meet with Members of Congress and the Administration, a German lawsuit, compensation

payments from the Yemeni government using U.S. funds, and the U.S. case *Bin Ali Jaber v. United States*, No. 15-840 (D.D.C.).

14.    The above cited events have been the frequent subject of media coverage in the United States and Europe since 2013.  A representative sample includes:

- Robert F. Worth and Scott Shane, *Questions on Drone Strike Find Only Silence*, NY Times, Nov. 22, 2013, http://www.nytimes.com/2013/11/23/world/middleeast/a-yemenis-long-trip-to-seek-answers-about-a-drone-strike.html

- Michael Isikoff, *Did the CIA pay off victims' families after a botched drone attack in Yemen?*, Yahoo! News, Nov. 11, 2014, https://www.yahoo.com/news/did-the-cia-pay-off-victims-families-after-a-113873933986.html

- Cora Currier, Ryan Devereaux and Jeremy Scahill, *Secret details of drone strike revealed as unprecedented case goes to German court*, The Intercept, Apr. 17, 2015, https://firstlook.org/theintercept/2015/04/17/victim-u-s-drone-strike-gets-day-german-court/

- Jeremy Scahill, *Germany is the tell-tale heart of America's drone war*, The Intercept, Apr. 17, 2015, https://firstlook.org/theintercept/2015/04/17/ramstein/

- *Federal Government Lied about Ramstein*, Der Spiegel (German), Apr. 18, 2015, https://www.freitag.de/autoren/gsfrb/bundesregierung-log-ueber-bedeutung-ramsteins

- Hannah Allam, *When US strikes go wrong, not all civilian lives are equal*, McClatchy DC, Apr. 28, 2015,

- http://www.mcclatchydc.com/2015/04/28/264635/when-us-strikes-go-wrong-not-all.html

- Scott Shane, *Families of Drone Strike Victims in Yemen File Suit in Washington*, NY Times, Jun. 8, 2015,

  http://www.nytimes.com/2015/06/09/world/middleeast/families-of-drone-strike-victims-in-yemen-file-suit-in-washington.html

- Sabrina Siddiqui, *Yemen drone strike lawsuit forces US to face non-western 'war on terror' victims*, The Guardian, Jun. 8, 2015,

  http://www.theguardian.com/world/2015/jun/08/yemen-drone-strike-lawsuit-obama-western-war-on-terror

- Spencer Ackerman, *Yemeni Man Denied Apology From US for Drone Strike That Killed His Family*, The Guardian, Oct. 2, 2015, www.theguardian.com/us-news/2015/oct/02/yemen-faisal-bin-ali-jaber-no-apology-drone-strike

15.     Beginning on 9 February 2016, bin Ali Jaber and Pilkington began filing a series of FOIA/PA requests with federal government agencies for records related to the above cited drone strike and actions taken in its aftermath.

16.     Having received no final response to most of their requests, and no records in response to the three requests for which final responses were sent, bin Ali Jaber and Pilkington now file this case to compel the agencies to properly process their FOIA requests.

## FIRST CAUSE OF ACTION

### (OSD/JS – CONSTRUCTIVE RECORDS DENIAL – 16-F-0561)

17.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

5

18.     On 9 February 2016, Plaintiffs submitted to OSD/JS a FOIA request for records about the drone strike and actions taken in its aftermath ("the OSD/JS request"), and included references to eight of the nine news articles cited above.  The request included twelve categories of responsive records:

1.    Any and all records, including emails, pertaining to the 29 August 2012 drone strike ("the strike") or the people killed by it;

2.    Any and all records, including emails, pertaining to legal opinions or memoranda referring to the strike or the people killed by it;

3.    Any and all records, including emails, pertaining to any subsequent investigations (whether by the Executive Branch, Congress, or a foreign government) into the strike;

4.    Any and all records, including emails, describing the reason the three unknown men were targeted for attack;

5.    Any and all correspondence, including emails and records documenting oral or telephonic conversations, involving Department of Defense ("DOD") officials and the governments of Yemen and/or Germany (including courts) pertaining to the strike or the people killed by it;

6.    Any and all records, including emails, pertaining to Congressional interest in the strike or the people killed by it;

7.    Any and all records, including emails, pertaining to Mr. bin Ali Jaber's litigation in Germany regarding Ramstein Air Base and/or the case *Bin Ali Jaber v. United States*;

8.    Any and all records, including emails, pertaining to the actual or potential disbursement or allocation of funds to Yemen for purposes of making compensation payments to Mr. bin Ali Jaber and/or his family;

9.    Any and all records, including emails, pertaining to the compensation payments made by the government of Yemen to Mr. bin Ali Jaber and/or his family;

10.   Any and all records, including emails, pertaining to Mr. bin Ali Jaber's visit to the United States and the meetings he had while here;

11. Any and all records, including emails, pertaining to Mr. bin Ali Jaber or the people killed by the strike (searching by individual names) which are not described above, and

12. Any and all records identified or referenced in records responsive to Items 1-11 above which are not otherwise independently responsive to those Items.

19. Plaintiffs added, "Please refer this request to any other DOD components which you reasonably believe would possess responsive records," and attached a document providing all the reasonable variants of bin Ali Jaber's name to facilitate the agency's search.

20. Plaintiffs requested expedited processing of this request, stating, "Mr. Pilkington is the Chief United States reporter for the *Guardian* and has reported for the *Guardian* in America for the past nine years. In that time he has written extensively about the U.S. drone program, and he needs this information to inform the public about breaking news. As noted above, there is significant media interest in this case which has never ebbed since the strike."

21. Plaintiffs requested a public interest fee waiver for this request, stating, "As noted above, there is significant public interest in this case and in the strike itself and its aftermath, including from Congress and the Administration, and releasing these records will significantly improve the public's understanding of government activities."

22. On 3 March 2016, OSD/JS acknowledged receipt of this request and assigned it Request No. 16-F-0561. OSD/JS denied Plaintiffs' request for expedited processing, asked for further information supporting the claim that Pilkington was a representative of the news media, and deferred its decision on Plaintiffs' fee waiver request until it had completed processing all responsive records.

23. On 22 March 2016, OSD/JS sent an email to the undersigned counsel clarifying that it was seeking evidence that he represents Pilkington, stating, "Mr. Pilkington could easily

have submitted a request to our office for the same records you have requested and would be

granted news media status.  Please understand that from our perspective anyone who writes to

our Office could say they are representing, or have partnered with a media persona, and gain

news media fee status by association.  In theory you could be considered commercial because the

likelihood that you are providing services to your clients pro bono is infinitesimally small."

24.     On 9 April 2016, despite the established fact that an agency cannot legally

consider an attorney filing a FOIA request on behalf of a client to be a separate entity from the

client for fee purposes, let alone classify that attorney as a commercial requester, Plaintiffs'

undersigned counsel forwarded an email to OSD/JS confirming his representation of Pilkington.

25.     With the exception of a short email acknowledging receipt of the 9 April 2016

email, OSD/JS has not responded further to this request of this writing.

26.     As twenty working days have elapsed without a substantive determination by

OSD/JS, Plaintiffs have exhausted all required administrative remedies.

27.     Plaintiffs have a legal right under FOIA to obtain the information they seek, and

there is no legal basis for the denial by OSD/JS of said right.

## SECOND CAUSE OF ACTION

### (OSD/JS – EXPEDITED PROCESSING DENIAL – 16-F-0561)

28.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth

above.

29.     Plaintiffs have demonstrated that there is an urgent need of a person primarily

engaged in disseminating information (Pilkington) to inform the public about an actual or

alleged Federal Government activity (the actions which comprise the subject matter of this

request).

30.     Plaintiffs have a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by OSD/JS of said right.

## THIRD CAUSE OF ACTION

## (USAF – RECORDS DENIAL – 2016-01876-F, 2016-01877-F)

31.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

32.     On 9 February 2016, Plaintiffs submitted to the FOIA Coordinator at Ramstein Air Base a FOIA request functionally equivalent to the OSD/JS request, with agency-specific modifications.

33.     On 24 February 2016, the USAF Office of the Secretary acknowledged receipt of this request and divided it into three parts, stating: "It is my understanding from Washington Headquarters Service (WHS) FOIA, you also sent this same request to other agencies; therefore, the USAF will be addressing Items 5, 6, and 7 only.  Air Combat Command (ACC) will address Item 5 under case number 2016-01877-F; HQ USAF will address Items 6 and 7 under case number 2016-01876-F; and USAFE will address Item 7 only under case 2016-01878-F."  The USAF did not include a decision regarding Plaintiffs' request for expedited processing or their fee category and fee waiver requests.

34.     On 3 March 2016, Plaintiffs sent an email to the appropriate USAF official stating:

> Please be advised that we do not agree that the Air Force should only respond to three of the twelve items in our request.  Whether or not we submitted this request to different agencies is immaterial to whether or not the Air Force should search all locations and systems it believes may have records responsive to all twelve of the items listed in the request, and that it should refer the request to any other DOD components it believes may have records responsive to any of the twelve items.

While we do agree that you do not need to refer this request to the WHS, that is the only DOD component we will exempt from that requirement.  While it is not necessary for a requester to explain why a DOD component must follow its own referral regulations, I will do so in this case.  Simply put, the Air Force may be in a better position than WHS to know which components are reasonably likely to possess responsive records to any particular part, and therefore simply trusting WHS to refer the request where it needs to go may miss some relevant components.

35.   On 14 March 2016, the Air Combat Command ("ACC") informed Plaintiffs that it had located no records responsive to Req. No. 2016-01877-F.

36.   On 22 March 2016, Plaintiffs appealed the adequacy of ACC's search and added, "I also appeal the limitation placed on ACC by the Secretary of the Air Force directing it to only search for records responsive to Item 5 of our request.  ACC should search for any records responsive to ANY items of the request.  If ACC cannot locate any responsive records for any particular item, it must refer the request to any DOD component that it believes would be reasonably likely to have responsive records, pursuant to DOD 5400.07-R § C1.5.9.1."

37.   On 5 April 2016, the USAF acknowledged this appeal and assigned it Appeal No. 2016-00090-A.

38.   The USAF has not issued a final response to this appeal as of this writing.

39.   As twenty working days have elapsed without a substantive appellate determination by the USAF regarding Req. 2016-01877-F, Plaintiffs have exhausted all required administrative remedies.

40.   Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by the USAF of said right.

## FOURTH CAUSE OF ACTION

## (USAF – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – 2016-01876-F, 2016-01877-F, 2016-01878-F)

41.      Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

42.      Plaintiffs have demonstrated that there is an urgent need of a person primarily engaged in disseminating information (Pilkington) to inform the public about an actual or alleged Federal Government activity (the actions which comprise the subject matter of these requests).

43.      Plaintiffs have a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by the USAF of said right.

## FIFTH CAUSE OF ACTION

## (DOD – FAILURE TO REFER – 2016-01876-F)

44.      Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

45.      On 9 April 2016, Plaintiffs reiterated the 3 March 2016 email in a formal appeal, stating, "I also appeal the determination that the USAF will address only Items 5, 6, and 7 of our request.  The USAF, including ACC, HQ USAF, and USAFE, should search for any records responsive to ANY items of the request.  If any USAF component cannot locate any responsive records for any particular item, it must refer the request to any DOD component that it believes would be reasonably likely to have responsive records, pursuant to DOD 5400.07-R § C1.5.9.1."

11

46.     On 13 April 2016, the USAF informed Plaintiffs that it was closing this appeal, stating, "As instructed by WHS, we should only address items that may fall under the Air Force; therefore, referrals were not required.  In this instance, we are going to close out your appeal."

47.     DOD 5400.07-R § C1.5.9.1 is encoded in the Code of Federal Regulations as 32 C.F.R. § 286.4(i)(1).  This regulation states, "A request received by a DoD Component having no records responsive to a request shall be referred routinely to another DoD Component, if the other DoD Component has reason to believe it has the requested record."

48.     A refusal to refer requests routinely to other DOD components reasonably likely to have responsive records is a violation of both FOIA and 32 C.F.R. § 286.4(i)(1).

49.     Plaintiffs have a legal right under 32 C.F.R. § 286.4(i)(1) (by way of the APA) to have each request to a DOD component processed in its entirety by the receiving component and to have each such request referred in its entirety to any other DOD component which is reasonably likely to have responsive records if the receiving component identifies no responsive records, and there is no legal basis for the denial by DOD of said right.

## SIXTH CAUSE OF ACTION

### (STATE – CONSTRUCTIVE RECORDS DENIAL – F-2016-00903)

50.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

51.     On 9 February 2016, Plaintiffs submitted to State a FOIA request functionally equivalent to the OSD/JS request, with agency-specific modifications.

52.     Instead of directing State to refer the request to agency components, Plaintiffs stated, "Please ensure that you search, at a minimum: all records systems containing records previously held by the U.S. Embassy in Sana'a; the U.S. Embassies and Consulates in Germany;

the Bureau of Legislative Affairs and all other offices responsible for interacting with Congress;

the Office of the Secretary; the Office of the Legal Adviser and all other offices responsible for

providing legal advice; and all offices responsible for interacting with other agencies regarding

drone strikes."

53.     On 11 February 2016, State acknowledged receipt of this request and assigned it

Request No. F-2016-00903.  State denied Plaintiffs' requests for expedited processing and a fee

waiver and classified Plaintiffs as "All Other" non-commercial requesters.

54.     State has not issued a final response to this request as of this writing.

55.     As twenty working days have elapsed without a substantive determination by

State regarding this request, Plaintiffs have exhausted all required administrative remedies.

56.     Plaintiffs have a legal right under FOIA to obtain the information they seek, and

there is no legal basis for the denial by State of said right.

**SEVENTH CAUSE OF ACTION**

**(STATE – EXPEDITED PROCESSING DENIAL – F-2016-00903)**

57.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth

above.

58.     Plaintiffs have demonstrated that there is an urgent need of a person primarily

engaged in disseminating information (Pilkington) to inform the public about an actual or

alleged Federal Government activity (the actions which comprise the subject matter of these

requests).

59.     Plaintiffs have a legal right under FOIA to have this request processed

expeditiously, and there is no legal basis for the denial by State of said right.

## EIGHTH CAUSE OF ACTION

## (STATE – NEWS MEDIA DENIAL – F-2016-00903)

60.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

61.     On 16 February 2016, Plaintiffs appealed State's determination that they were "All Other" requesters.

62.     State has not responded to this appeal as of this writing.

63.     Plaintiffs have demonstrated that Pilkington is a representative of the news media.

64.     Plaintiffs have a legal right under FOIA to have this request processed as a news media request, and there is no legal basis for the denial by State of said right.

## NINTH CAUSE OF ACTION

## (STATE – FEE WAIVER DENIAL – F-2016-00903)

65.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

66.     On 16 February 2016, Plaintiffs appealed State's denial of their request for a public interest fee waiver, citing "the extensive media coverage of this case and the interest in Congress and the Executive Branch."

67.     State has not responded to this appeal as of this writing.

68.     Plaintiffs have a legal right under FOIA to have this request processed without fees, and there is no legal basis for the denial by State of said right.

**TENTH CAUSE OF ACTION**

**(OIP – CONSTRUCTIVE RECORDS DENIAL – 16-01651, 16-01652)**

69.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

70.    On 12 February 2016, Plaintiffs submitted to OIP a FOIA request functionally equivalent to the OSD/JS request, with agency-specific modifications.

71.    Instead of directing OIP to refer the request to agency components, Plaintiffs stated, "Please ensure that you search, at a minimum: all records systems containing records previously held by DOJ offices in the U.S. Embassy in Sana'a; DOJ offices in the U.S. Embassies and Consulates in Germany; and all offices responsible for interacting with other agencies regarding drone strikes."

72.    On 19 February 2016, OIP acknowledged receipt of this request and divided it into two parts, assigned it Request Nos. 16-01651 and 16-01652.  OIP granted Plaintiffs' request for expedited processing, deferred on making a fee waiver determination, and did not indicate a determination regarding fee category.

73.    OIP has not issued a final response to these requests as of this writing.

74.    As twenty working days have elapsed without a substantive determination by OIP regarding these requests, Plaintiffs have exhausted all required administrative remedies.

75.    Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by OIP of said right.

## ELEVENTH CAUSE OF ACTION

## (FBI – CONSTRUCTIVE RECORDS DENIAL – 1345131-000)

76.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

77.     On 9 February 2016, Plaintiffs submitted to FBI a FOIA request functionally equivalent to the OSD/JS request, with agency-specific modifications.

78.     Instead of directing FBI to refer the request to agency components, Plaintiffs stated, "Please ensure that you search, at a minimum: all records systems containing records previously held by Federal Bureau of Investigation ("FBI") offices in the U.S. Embassy in Sana'a; FBI offices in the U.S. Embassies and Consulates in Germany; all offices responsible for interacting with Congress; and all offices responsible for interacting with other agencies regarding drone strikes."

79.     Plaintiffs also excluded Item 5 from this request, as FBI would not be expected to have responsive records to that item.

80.     On 25 February 2016, FBI acknowledged receipt of this request and assigned it Request No. 1345131-000.  FBI denied Plaintiffs' request for expedited processing, deferred on making a fee waiver determination, and did not indicate a determination regarding fee category.

81.     FBI also stated that it was searching the indices to the Central Records System ("CRS") for responsive records.

82.     On 29 February 2016, Plaintiffs emailed FBI, stating, "As I directed in the initial request letter, you are not to 'search[] the indices to our Central Records System for the information responsive to this request."  I have specified multiple times that you are to search for cross-references and not just search the CRS indices."

16

83.    FBI has not issued a final response to this request as of this writing.

84.    As twenty working days have elapsed without a substantive determination by FBI regarding this request, Plaintiffs have exhausted all required administrative remedies.

85.    Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by FBI of said right.

## TWELFTH CAUSE OF ACTION

### (FBI – EXPEDITED PROCESSING DENIAL – 1345131-000)

86.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

87.    Plaintiffs have demonstrated that there is an urgent need of a person primarily engaged in disseminating information (Pilkington) to inform the public about an actual or alleged Federal Government activity (the actions which comprise the subject matter of these requests).

88.    Plaintiffs have a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by FBI of said right.

## THIRTEENTH CAUSE OF ACTION

### (TREASURY – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN)

89.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

90.    On 9 February 2016, Plaintiffs submitted to Treasury a FOIA request functionally equivalent to the OSD/JS request, with agency-specific modifications.

91.    Plaintiffs excluded Items 4 and 7 from this request, as Treasury would not be expected to have responsive records to those items.

17

92.     Other than an email sent on 9 February 2016 acknowledging this request and seeking confirmation that it was a new request (which Plaintiffs confirmed), Treasury has not issued any further response to this request as of this writing.

93.     As twenty working days have elapsed without a substantive determination by Treasury regarding this request, Plaintiffs have exhausted all required administrative remedies.

94.     Plaintiffs have a legal right under FOIA to obtain the information they seek, and there is no legal basis for the denial by Treasury of said right.

## FOURTEENTH CAUSE OF ACTION

## (TREASURY – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – UNKNOWN)

95.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

96.     Plaintiffs have demonstrated that there is an urgent need of a person primarily engaged in disseminating information (Pilkington) to inform the public about an actual or alleged Federal Government activity (the actions which comprise the subject matter of these requests).

97.     Plaintiffs have a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by Treasury of said right.

## FIFTEENTH CAUSE OF ACTION

## (STATE – CONSTRUCTIVE RECORDS DENIAL – F-2016-01198)

98.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

99.     On 16 February 2016, Pilkington submitted to State a FOIA/PA request for "the completed Request for Expeditious Processing Worksheet (Form No. RC-WK-7.5.1b-1), Fee

18

Waiver Worksheet (Form No. RC-WK-7.5.1b-2), and FOIA/PA Request Checklist (Form No. RC-WK-7.5.1b-3) for his FOIA Req. No. F-2016-00903."  Pilkington added, "If these forms have been superseded by other forms, please consider this request to be for the newer forms."

100.     On 7 March 2016, State acknowledged receipt of this request and assigned it Request No. F-2016-01198.

101.     State has not responded further to this request of this writing.

102.     As twenty working days have elapsed without a substantive determination by State, Plaintiffs have exhausted all required administrative remedies.

103.     Pilkington has a legal right under FOIA and the Privacy Act to obtain the information they seek, and there is no legal basis for the denial by State of said right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Faisal bin Ali Jaber and Edward Pilkington pray that this Court:

(1)     Order the Department of Defense, Department of Justice, Department of State, and Department of the Treasury to release all requested records to Plaintiffs;

(2)     Order Defendants to process Plaintiffs' requests expeditiously;

(3)     Order Defendants to treat Plaintiffs' requests as requests from a representative of the news media;

(4)     Order Defendants to grant Plaintiffs' requests for public interest fee waivers;

(5)     Order DOD to process all portions of Plaintiffs' requests submitted to DOD components and to refer such requests to other DOD components likely to possess responsive records if they locate no responsive records;

(6)     Order preliminary and permanent injunctive and/or declaratory relief as may be

appropriate;

(7)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. §

552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(8)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(9)     Grant such other relief as the Court may deem just and proper.

Date:   April 20, 2016

Respectfully submitted,


/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*