**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| FAISAL BIN ALI JABER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 16-cv-00742 (KBJ) |
| DEPARTMENT OF DEFENSE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**STATEMENT OF MATERIAL FACTS FOR WHICH DEFENDANTS CONTEND THERE IS NO GENUINE DISPUTE**

As required by Local Civil Rule 7(h)(1) and General Order 5(d), and in support of the Motion for Summary Judgment, Defendants hereby make the following statement of material facts as to which there is no genuine issue.

1. This action arises from "functionally equivalent" FOIA requests Plaintiffs submitted to the to the Department of Defense ("DoD"), the United States Air Force ("USAF"), the Department of State ("State"), the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), and the Department of Treasury ("Treasury").  *See* Am. Compl. ¶¶ 18, 32, 62, 81, 88, 101.

2. The requests sought various categories of records regarding a purported strike allegedly conducted by an "unmanned aerial vehicle" on August 29, 2012.  *See* Am. Compl. ¶¶ 11, 18.

3. Plaintiffs' FOIA requests sought:

   · Any and all records, including emails, pertaining to the 29 August 2012 drone strike ("the strike") or the people killed by it;

- Any and all records, including emails, pertaining to legal opinions or memoranda referring to the strike or the people killed by it;

- Any and all records, including emails, pertaining to any subsequent investigations (whether by the Executive Branch, Congress, or a foreign government) into the strike;

- Any and all records, including emails, describing the reason the three unknown men were targeted for attack;

- Any and all correspondence, including emails and records documenting oral or telephonic conversations, involving Department of Defense ("DOD") officials and the governments of Yemen and/or Germany (including courts) pertaining to the strike or the people killed by it;

- Any and all records, including emails, pertaining to Congressional interest in the strike or the people killed by it;

- Any and all records, including emails, pertaining to Mr. bin Ali Jaber's litigation in Germany regarding Ramstein Air Base and/or the case Bin Ali Jaber v. United States;

- Any and all records, including emails, pertaining to the actual or potential disbursement or allocation of funds to Yemen for purposes of making compensation payments to Mr. bin Ali Jaber and/or his family;

- Any and all records, including emails, pertaining to the compensation payments made by the government of Yemen to Mr. bin Ali Jaber and/or his family;
- Any and all records, including emails, pertaining to Mr. bin Ali Jaber's visit to the United States and the meetings he had while here;

- Any and all records, including emails, pertaining to Mr. bin Ali Jaber or the people killed by the strike (searching by individual names) which are not described above, and

- Any and all records identified or referenced in records responsive to Items 1-11 above which are not otherwise independently responsive to those Items.

*See* Am. Compl. ¶ 18.

    4.    By letter dated March 3, 2016, DoD Office of Freedom of Information, on behalf of the Office of the Secretary of Defense/Joint Staff, acknowledged receipt of Plaintiffs' FOIA request.  *See* Answer ¶ 22.

5. DoD ultimately denied Plaintiffs' request for expedited processing, and requested additional information from Plaintiffs about their claim that Mr. Pilkington acted as a representative of the news media. *See* Answer ¶ 22.

6. DoD did not provide a substantive response to Plaintiffs' requests before the initiation of this lawsuit. *See* Am. Compl. ¶ 26.

7. On February 24, 2016, USAF Office of the Secretary, FOIA Administration Section acknowledged receipt of Plaintiffs' FOIA request. *See* Answer ¶ 33.

8. USAF sent a letter to Plaintiffs, dated April 13, 2016, stating that the Air Force/Judge Advocate General, Secretary of the Air Force/Public Affairs, and Secretary of the Air Force/Legislative Liaison did not identify any records responsive to paragraphs 6 and 7 of the FOIA request. *See* Answer ¶ 37.

9. USAF Air Combat Command sent a letter to Plaintiffs, dated March 14, 2016, stating that the Air Combat Command Operations Directorate and the Air Combat Command Public Affairs Office did not identify any records responsive to paragraph five of the FOIA request. *See* Answer ¶ 44.

10. USAF, 86th Communications Squadron sent a letter to Plaintiffs dated April 8, 2016, stating that USAF Europe did not identify any records responsive to paragraph seven of FOIA request. *See* Answer ¶ 49.

11. By letter dated February 11, 2016, State acknowledged receipt of Plaintiffs' FOIA request. *See* Answer ¶ 64.

12. State denied Plaintiffs' requests for expedited processing and a fee waiver, placing Plaintiffs in the requestor fee category "All Other Requestors." *See* Answer ¶ 64.

13. State did not provide a substantive response to Plaintiffs' requests before the initiation of this lawsuit. *See* Answer ¶ 65.

14. On February 19, 2016, the Office of Information Policy ("OIP") within DOJ acknowledged receipt of Plaintiffs' FOIA request. *See* Answer ¶ 83.

15. OIP granted Plaintiffs' request for expedited processing; OIP did not make a fee waiver determination. *See* Answer ¶ 83.

16. OIP did not provide a substantive response to Plaintiffs' requests before the initiation of this lawsuit. *See* Answer ¶ 84.

17. By letter dated February 25, 2016, FBI acknowledged receipt of Plaintiffs' FOIA request. *See* Answer ¶ 91.

18. In a separate letter, also dated February 25, 2016, FBI denied Plaintiffs' request for expedited processing. *See* Answer ¶ 91.

19. FBI did not provide a substantive response to Plaintiffs' requests before the initiation of this lawsuit. *See* Answer ¶ 94.

20. On February 18, 2016, Treasury acknowledged receipt of Plaintiffs' FOIA request. *See* Answer ¶ 103.

21. Treasury denied Plaintiffs' request for expedited processing and conditionally granted a fee waiver. *See* Answer ¶ 103.

22. On April 26, 2016, Treasury informed Plaintiffs that it had searched its Office of Intelligence and Analysis, which did not identify any records responsive to Plaintiffs' FOIA request. *See* Answer ¶ 104.

23. On April 20, 2016, Plaintiffs initiated these proceedings by filing the Complaint and a motion for a preliminary injunction. *See* Dkt. Nos. 1, 3.

24. Plaintiffs later asked the Court to convert their motion for a preliminary injunction into a motion for a preliminary injunction or, in the alternative, a motion for partial summary judgment. *See* June 6, 2016 Minute Order.

25. The Court granted Plaintiffs' request but denied the motion in part "insofar as Plaintiffs seek a preliminary injunction." *See* June 6, 2016 Minute Order.

26. Plaintiffs subsequently withdrew their motion to the extent it sought partial summary judgment. *See* Dkt. No. 18, Joint Proposed Schedule ¶ 5.

27. The parties agreed that Defendants would provide Plaintiffs "with a general description of the aspects of their FOIA request that are subject to Defendants' Glomar response." Dkt. No. 18, Joint Proposed Schedule ¶ 2.

28. On July 29, 2016, Defendants provided Plaintiffs the following general description:

> Defendants cannot confirm or deny the existence of any records that would tend to confirm one way or the other any U.S. government role in an alleged "29 August 2012 drone strike." However, the Government will conduct searches for responsive records that would not tend to confirm one way or the other any U.S. government role in an alleged "29 August 2012 drone strike," such as documents pertaining to Mr. Jaber's litigation in Germany and the United States, as well as Mr. Jaber's visit to the United States.

*See e.g.*, Declaration of Michael W. Mason ¶ 32.

29. On August 4, 2016, OIP informed Plaintiffs that they identified 140 pages of responsive, non-exempt documents that do not implicate the Government's Glomar response, releasing 107 pages in part. *See* Declaration of Vanessa R. Brinkmann ¶ 23.

30. On August 8, 2016, State released 2 responsive, non-exempt documents that do not implicate the Government's Glomar response. *See* Declaration of Eric F. Stein ¶ 9.

31. On September 19, 2016, State informed Plaintiffs that it located 44 additional documents that do not implicate the Government's Glomar response, releasing 39 in full or in part and withholding 5 in their entirety. *See* Declaration of Eric F. Stein ¶ 10.

32. On October 25, 2016, State communicated to Plaintiffs that, upon further review, three documents that had been denied in full were determined to be non-responsive to the request. *See* Declaration of Eric F. Stein ¶ 11.

33. Also on September 19, 2016, DoD informed Plaintiffs that it identified 1,197 pages of responsive records that do not implicate the Government's Glomar response, releasing 1,072 pages of non-exempt materials. *See* Declaration of Read Admiral Andrew L. Lewis ¶¶ 37, 41.

34. In addition to challenging Defendants' Glomar assertion and the adequacy of the search for responsive records that do not implicate the Glomar response, Plaintiffs also challenge a subset of information withheld by DoD and State under FOIA Exemptions 1, 3, 5, and 7(E). *See* Declaration of Read Admiral Andrew L. Lewis ¶ 41; Declaration of Eric F. Stein ¶¶ 78–85.

35. Plaintiffs challenge information withheld under FOIA Exemption 5 and the deliberative process privilege, attorney-client privilege, and/or the attorney work product doctrine in the following documents released by State:

- C06126550
- C06126542
- C06096426
- C06096420
- C06095877
- C06095894
- C06126553
- C06095896
- C06126554
- C06095940
- C06096473
- C06126565

- C06095861
- C06095950
- C06126686
- C06126400
- C06126397

*See* Declaration of Eric F. Stein ¶¶ 78–85.

36.    Plaintiffs challenge classified information withheld under FOIA Exemption 1 in the following documents released by State:

- C06095940
- C06096473
- C06126565

*See* Declaration of Eric F. Stein ¶¶ 78–85.

37.    Plaintiffs challenge statutorily protected, law enforcement sensitive information withheld under FOIA Exemptions 3 and 7(E) in the following documents released by State:

- C06084269
- C06084271

*See* Declaration of Eric F. Stein ¶¶ 78–85.

38.    Plaintiffs challenge information withheld under FOIA Exemption 5 and the deliberative process privilege, attorney-client privilege, and/or the attorney work product doctrine in DoD Document Nos. 1, 7, and 8.  *See* Declaration of Read Admiral Andrew L. Lewis ¶ 41.

//

//

//

//

//

Dated: December 16, 2016                    Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7318
Washington, D.C. 20530
Tel: (202) 305-8177
Email: stephen.elliott@usdoj.gov

Counsel for Defendants